**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OSVALDO R. BURGOS, JR.,<br>*Plaintiff*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>*Defendants*. | No. 25-cv-0607 (DLF) |

**MEMORANDUM OPINION**

Osvaldo Burgos, Jr. brings this action against the U.S. Department of Homeland Security and other federal entities (collectively, DHS), alleging claims of discrimination and retaliation based on race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Compl. ¶ 1, Dkt. 25. Before the Court is DHS's Motion to Dismiss, Dkt. 32, and Burgos's Motion for Leave to Amend, Dkt. 36. For the reasons that follow, the Court will grant DHS's motion and deny Burgos's motion.

## I. BACKGROUND

On May 29, 2019, the U.S. Citizenship and Immigration Services (USCIS), a component of DHS, terminated Burgos, a Management and Program Analyst in the Office of Performance Quality at USCIS. *See* MSPB Final Order 2, Dkt. 2. The agency charged Burgos with improper conduct based on a call he made to the Federal Bureau of Investigation (FBI) National Threat Operations Center, during which he made the following statements about the Office of Performance Quality Chief: (1) "If I wanna knock [him] out, I should be able to get away with it";

(2) "I'm gonna cripple his white old ass is what I'm gonna do"; and (3) "Somebody needs to do something or else I'm gonna take action myself. And I feel like I have to hurt this guy." *Id.* Burgos also accused the Office of Performance Quality Chief, his former supervisor, and his then-supervisor of impeding his career advancement. *Id.*

Burgos challenged his removal before the Merit Systems Protection Board (the Board), the independent federal agency that adjudicates certain federal employment disputes, raising, among other things, claims of discrimination, whistleblower retaliation, disparate treatment, and harassment. *Id.* at 3. Following a hearing, an administrative judge affirmed Burgos's removal, and the Board affirmed that decision on July 25, 2024. *Id.* at 3–12. The decision was sent to Burgos by certified mail that same day. *Id.* at 18. The Board's Final Order described three avenues for further review: (1) petition the Federal Circuit within 60 days to challenge the adverse personnel action; (2) file a civil action in federal district court within 30 days to challenge both the personnel action and the disposition of his discrimination claims; or (3) seek EEOC review of the discrimination claims alone within 30 days. *Id.* at 13–15. Seventy-seven days after the Board issued its final decision, Burgos pursued the first option, petitioning the Federal Circuit for review. *See* Fed. Cir. Docket, Dkt. 20. DHS moved to dismiss the petition as untimely, because it was filed 17 days after the 60-day statutory deadline under 5 U.S.C. § 7703(b)(1)(A). *See* Fed. Cir. Order, Dkt. 18.

The Federal Circuit concluded that it lacked jurisdiction because Burgos sought review of both his removal *and* his discrimination claims—a mixed case over which federal district courts have jurisdiction. *Id.* at 2. The Federal Circuit thus transferred the case to this Court pursuant to 28 U.S.C. § 1631, leaving this Court to "address any issues concerning timeliness." *Id.*

In his Complaint, Burgos alleges that he "was subjected to severe and pervasive harassment on the basis of race and disability." Compl. ¶ 7. He contends, among other things, that he was denied promotions and advancement, called a racial slur, spat upon, received a falsified performance appraisal, and was fired in retaliation for engaging in protected activity, including filing multiple formal complaints with the agency's Equal Employment Opportunity office. *Id.* ¶¶ 8–14.

DHS has moved to dismiss, Dkt. 32, and Burgos has moved for leave to amend his complaint, Dkt. 36. Those motions are fully briefed and now ripe for resolution.

## II. LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). A complaint need not contain "detailed factual allegations," *Iqbal*, 556 U.S. at 678, but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility," *id.* (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all

inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). The assumption of truth does not apply, however, to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited, *id.*; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III. DISCUSSION

Burgos's claims are time-barred and equitable tolling is unwarranted. The Court will thus grant DHS's motion to dismiss and deny Burgos's motion for leave to amend.

### A. Timeliness

Burgos failed to seek timely judicial review of the Board's final order. Under 5 U.S.C. § 7703(b)(1), a federal employee generally may obtain judicial review of an adverse personnel action in the Federal Circuit by filing a petition for review within 60 days after a final order. But when the employee brings a "mixed case" involving a claim of discrimination, the employee must instead seek review in federal district court "within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2).

Burgos's case is a "mixed case" because he challenges his removal while also pursuing discrimination claims raised before the Board. *See* MSPB Final Order 3; Compl. ¶¶ 16–22. Although the Board issued its final order on July 25, 2024 and mailed it to Burgos the same day, Burgos did not seek judicial review until October 10, when he filed a petition for review in the Federal Circuit rather than filing suit in this Court. That filing came 77 days after the Board's decision—untimely even under the 60-day deadline for seeking Federal Circuit review, and well beyond the 30-day deadline applicable to this mixed case.[1] 5 U.S.C. § 7703(b)(2); *see Rogers v. Phelan*, No. 23-3499, 2026 WL 865821, at *4 (D.D.C. Mar. 30, 2026) (claim untimely where plaintiff filed for review in the Federal Circuit 58 days after the MSPB's final order, rather than in district court within the applicable 30-day period). Burgos's claims are thus time-barred.

**B. Equitable Tolling**

Equitable tolling does not cure Burgos's failure to seek timely judicial review under 5 U.S.C. § 7703(b)(2). The 30-day limitation in § 7703(b)(2) is a "nonjurisdictional claims-processing rule" that is subject to equitable tolling. *Robinson v. DHS*, 71 F.4th 51, 58 (D.C. Cir. 2023). "A party seeking equitable tolling must show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 58 (citation modified). To satisfy the "extraordinary circumstance" prong, Burgos must show that the "circumstances that caused [his] delay [were] both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). Equitable tolling does not apply to a "garden variety claim of excusable neglect" or a "simple

[1] Although the record does not reflect when Burgos received the Board's final order, courts in this District "generally assume that the final MSPB decision was . . . received . . . either three or five days after it was mailed." *Ahuruonye v. Dep't of the Interior*, 312 F. Supp. 3d 1, 18 n.19 (D.D.C. 2018); *see Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011). Even assuming receipt five days after the July 25 mailing, Burgos's October 10 petition was untimely.

miscalculation." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (citation modified). Rather, it is "appropriate only in rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015) (citation modified).

The record does not support Burgos's contention that he acted diligently but was "misdirected through a complex administrative review scheme," Pl.'s Opp'n to Def.'s Mot. to Dismiss 1, Dkt. 34. The Board's Final Order expressly identified both the proper forum and the applicable deadlines. It advised that Burgos could either (1) petition the Federal Circuit "within 60 calendar days"; or (2) "obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days**." MSPB Final Order 21 (emphasis in original). Despite those instructions, Burgos missed both deadlines and filed in the wrong court.

Courts in this district have declined to equitably toll statutory deadlines in factually analogous circumstances. In *Brookens v. Acosta*, 297 F. Supp. 3d 40 (D.D.C. 2018), for example, the court declined to toll the 30-day deadline for a *pro se* plaintiff who, like Burgos, appealed an MSPB decision in the wrong forum. The court explained that "misapprehension of the law is factually insufficient to toll the statute of limitations." *Id.* at 50. Similarly, in *Rogers v. Phelan*, No. 23-3499, 2026 WL 865821, at *6–7 (D.D.C. Mar. 30, 2026), the court declined to toll the statute of limitations for a *pro se* plaintiff who filed a mixed case in the Federal Circuit even though the plaintiff alleged that a government employee had advised him to do so. The court held that neither the plaintiff's *pro se* status nor the alleged advice excused the plaintiff's failure to follow the Board's "unambiguous" instructions. *Id.* at *6. Burgos's circumstances are even less

compelling. Unlike the plaintiffs in *Brookens* and *Rogers*, Burgos missed even the longer 60-day deadline for filing a petition before the Federal Circuit.

Although courts have "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," Pl.'s Opp'n 1 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)), Burgos did not file any pleading, defective or otherwise, within any relevant statutory period. Moreover, *Irwin* declined to toll a statutory deadline that the plaintiff missed by just 14 days, even though the EEOC notice had arrived at his attorney's office while the attorney was out of the country. 498 U.S. at 96.

*Kloeckner v. Solis*, 568 U.S. 41 (2012), on which Burgos also relies, is inapposite. There, the Supreme Court simply held that a federal employee pursuing a "mixed case" must seek judicial review in a district court rather than the Federal Circuit, regardless of whether the Board resolved the case on the merits or on procedural grounds. *Id.* at 56. *Kloeckner* did not address equitable tolling, let alone suggest that a p*ro se* litigant who misses the applicable deadline and files in the wrong forum is entitled to tolling.

In sum, Burgos's failure to file on time and in the right court was entirely the result of his "misunderstanding of the law" and "tactical mistakes in litigation." *Menominee Indian Tribe of Wisconsin v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014). Because Burgos has not shown the extraordinary circumstances necessary for equitable tolling, the Court will dismiss his case as time-barred under Rule 12(b)(6).[2]

**C. Amendment of the Complaint**

Burgos requests leave to amend his complaint to correct the name of the defendant and

[2] Because the Court will dismiss Burgos's complaint on timeliness grounds, it need not address the defendants' other bases for dismissal.

supplement the factual allegations related to his discrimination and hostile work environment claims. *See* Pl.'s Mot. for Leave to Amend 2–6. At this point in the case, however, Burgos may amend his Complaint only with written consent from the opposing party or by leave of this Court. Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that leave to amend shall be freely given when "justice so requires." *Id.* "The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the district court, but leave 'should be freely given unless there is a good reason, such as futility, to the contrary.'" *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 151 (D.D.C. 2014) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). "[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *Id.* at 152 (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004)). "In assessing an argument that an amendment would be futile, the court must assess the proposed amendments under the same standard as would be applied to a motion to dismiss." *Oladokun v. Corr. Treatment Facility*, 5 F. Supp. 3d 7, 13 (D.D.C. 2013).

Burgos's proposed changes—replacing the defendant and adding factual allegations concerning his discrimination and hostile work environment claims—would not cure his failure to comply with 5 U.S.C. § 7703(b)(2), nor would they alter the Court's analysis on the propriety of equitable tolling. Accordingly, the Court will deny Burgos's motion to amend and dismiss his complaint.

**CONCLUSION**

For the reasons stated, DHS's motion to dismiss, Dkt. 32, is granted, and Burgos's motion for leave to amend his complaint, Dkt. 36, is denied. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 29, 2026